UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FALCON INSURANCE COMPANY, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> JUAN GERARDO MOLINA, § <br> JOSE EDUARDO SOSA, § <br> XYLYN ANDERSON, § <br> SONYA ANDERSON Individually and § <br> as Next Friend of Minor Children § <br> T.A., T.A., MYRA JONES, § <br> ERICA WILLIS Individually and as § <br> Next Friend of Minor Child J.J., § <br> JA'BAURI JONES Individually and as § <br> Next Friend of Minor Child J.J., and § <br> FRED LOYA INSURANCE AGENCY, § <br> INC. § <br> § <br> *Defendants*. § | Civil Action No. 3:18-CV-03297-X |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Falcon Insurance Company's (Falcon) Motion for Default and for Default Judgment Defendants Jose Eduardo Sosa, Juan Gerardo Molina, Xylyn Anderson, Myra Jones, Sonya Andersen individually, and as next friend of minor children T.A. (male) and T.A [Doc. No. 22]. The Court concludes that the motion is premature because a ruling that Falcon has no duty to defend or indemnify as to the defaulting parties would necessarily prejudice the remaining party in the case that is litigating that precise issue. Accordingly, the Court **DENIES** the motion.

1

I.

Based upon Falcon's motion for default and for default judgment, the Clerk issued a default [Doc. No. 23]. The Court concludes the Clerk's default was appropriate. The motion and exhibits demonstrated that Falcon filed its complaint on December 14, 2018, seeking a declaration that it had no duty to defend or indemnify defendants Sosa or Molina in a suit in Dallas County arising from a car accident and that the remaining individual defendants have no right to payment under the Falcon policy. Sosa and Molina were properly served but never answered within the 21 days required by law. Zylyn Anderson, Sonya Anderson, and Myra Jones waived service but never answered within the 60 days required by law. The motion included the affidavit required by Rule 55. As a result, the Court concludes the Clerk's default was proper.

II.

The Court must now turn to the issue of entering a default judgment. Federal Rule of Civil Procedure 55(b)(2) provides the standard for a default judgment in a case like this. But when an action "presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."[1] Otherwise, when "one of multiple

---

[1] Fed. R. Civ. P. 54(b).

defendants has defaulted, 'judgment should generally not be entered against the defaulting defendant until the matter has been adjudicated as to all defendants[.]'"[2]

Falcon seeks the same declaratory relief against all but three defendants: Myra Jones, Ja'Bauri Jones, and Fred Loya Insurance Agency, Inc.  By separate order, the Court has granted Falcon's motion to dismiss Myra Jones Ja'Bauri Jones (as next friends of minor child J.J.).  But Fred Loya Insurance has answered and remains in the case.  As a result, granting a default judgment stating that Falcon Insurance has no duty to defend on indemnify in the underlying case would prejudice Fred Loya Insurance Agency Inc.[3]  In addition, Rule 55(b)(2) admonishes that a "default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared."  This is an additional impediment to the Court entering a default judgment against Sonya Anderson at this time.

For the foregoing reasons, the Court **DENIES** the motion for entry of default judgment.

---

[2] *Bank of America, NA v. Vandenburg*, 2020 WL 1640344, at *2 (N.D. Tex. Apr. 2, 2020) (Starr, J.) (quoting *Underwriters at Lloyds, Syndicate 4242 v. Turtle Creek Partnership, Ltd.*, 2010 WL 5583118, at *2 (S.D. Tex. Feb. 26, 2010)).

[3] *Underwriters at Lloyds*, 2010 WL 5583118, at *2 (explaining that although the general rule to not grant final judgment as to some defendants is when there is alleged joint and several liability, the same reasoning "probably can be extended to situations in which several defendants have closely related defenses" (citing Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 10A Fed. Prac. and Proc. Civ. § 2690 (3d ed. 1998))).

**IT IS SO ORDERED** this 3rd day of September 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE