UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FALCON INSURANCE COMPANY,<br> *Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | |
| JUAN GERARDO MOLINA,<br>JOSE EDUARDO SOSA,<br>XYLYN ANDERSON,<br>SONYA ANDERSON INDIVIDUALLY<br>AND AS NEXT FRIEND OF MINOR<br>CHILDREN, T.A., T.A., MYRA JONES,<br>ERICA WILLIS INDIVIDUALLY AND<br>AS NEXT FRIEND OF MINOR CHILD,<br>J.J., JA'BAURI JONES<br>INDIVIDUALLY AND AS NEXT<br>FRIEND OF., MINOR CHILD, J.J AND<br>FRED LOYA INSURANCE AGENCY,<br>INC.,<br> *Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:18-CV-03297-X |

## MEMORANDUM OPINION AND ORDER

Before the Court is Falcon Insurance Co.'s (Falcon) motion for default judgment against Juan Gerardo Molina, Jose Eduardo Sosa, Xylyn Anderson, Myra Jones, Sonya Anderson Individually and as Next Friend of Minor Children, T.A. (male) and T.A. (female) [Doc. No. 34]. For the reasons below, the Court **DENIES** the motion for default judgment.

### I. Background

This case stems from a 2018 automobile accident where Sosa was driving a vehicle that Falcon insured, but the schedule of drivers for the policy did not list Sosa (he is a stepson of the named insured). The accident also involved a vehicle containing

1

defendants Sonya Anderson, Xylyn Anderson, Myra Jones, and minor children T.A., T.A., and J.J.  Those defendants retained counsel and sued, and Falcon filed this suit for a declaration that it owed no duty to defend or indemnify against the claims.

Fred Loya Insurance Agency Inc. (Fred Loya Insurance), Ja'Bauri Jones, and Erica Willis answered.  The Court granted a motion from Falcon to dismiss Erica Willis, individually and as next friend of minor child J.J., and Ja'Bauri Jones, individually and as next friend of minor child J.J.

Falcon obtained a clerk's default against Molina, Sosa, Myra Jones, Xylyn Anderson, and Sonya Anderson.  Falcon also moved for a default judgment previously against Molina, Sosa, Myra Jones, Xylyn Anderson, and Sonya Anderson individually, and as next friend of minor children T.A. (male) and T.A. (female).  The Court denied that motion because (1) the ruling would prejudice the parties still litigating Falcon's duty to defend, and (2) minors can only have a default against them if they are represented by a fiduciary.  Afterward, Falcon moved to dismiss Fred Loya Insurance.  Same song, second verse.  Falcon moved for default judgment again as to Molina, Sosa, Myra Jones, Xylyn Anderson, and Sonya Anderson individually, and as next friend of minor children T.A. (male) and T.A. (female).

## II. Legal Standards

Federal Rule of Civil Procedure 55(b)(2) provides that, in proceedings not involving a certain sum:

> the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is

sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial— when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;
(B) determine the amount of damages;
(C) establish the truth of any allegation by evidence; or
(D) investigate any other matter.

A default requires a court to accept as true a plaintiff's well pled allegations in a complaint.[1]

### III. Application

There are a couple of problems with Falcon's current motion.  The first is with regard to Sonya Anderson, who Falcon sued not only individually but also as next friend of her two minor children.  The problem is that Rule 55(b)(2) provides that "[a] default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared."  The Court flagged this for Falcon in its prior denial of the earlier motion for default judgment.  Rule 55 has not changed since then.  And the Court is unaware of the minors having reached the age of majority.  So the only proper motion as to Anderson's minor children is either a motion to appoint an ad litem or a motion to dismiss them.

Sonya Anderson herself, Molina, Sosa, Myra Jones, and Xylyn Anderson aren't

---

[1] *See, e.g.*, *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (a complaint is well pled when "all elements of [a] cause of action are present by implication."); *In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

minors. But there are still issues precluding the Court from awarding a default judgment as to them while the three minors are in the case and unrepresented. Courts routinely refrain from granting default judgments (or at least assessing the measure of damages) when plaintiffs allege damages against multiple defendants before the end of the case.[2] The Court previously did that when Fred Loya Insurance was litigating the duty to defend. Sure, Fred Loya Insurance is now out, but the Court cannot grant default as to the remaining adults when the minors remain in the case.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Falcon's motion for default judgment. Falcon should file an appropriate motion within 28 days of this order. Failure to do so will result in the Court dismissing the remainder of Falcon's claims.

**IT IS SO ORDERED** this 18th day of March 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[2] *See, e.g.*, *Mori Seiki USA, Inc. v. McIntyre*, No. CIV A 306-CV-2344-B, 2008 WL 577274, at *2 (N.D. Tex. Mar. 4, 2008) (Boyle, J.) ("Many courts have held, based on *Frow v. DeLaVega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872), that when the plaintiff alleges joint liability against multiple defendants, an entry of default as to some of the defendants is appropriate, but a judgment should not be entered until the case has been decided with regard to all of the defendants.").