UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FALCON INSURANCE COMPANY, §<br>    *Plaintiff*, §<br>§<br>v. §<br>§<br>JUAN GERARDO MOLINA, §<br>JOSE EDUARDO SOSA, §<br>XYLYN ANDERSON, §<br>SONYA ANDERSON INDIVIDUALLY §<br>AND AS NEXT FRIEND OF MINOR §<br>CHILDREN, T.A., T.A., MYRA JONES, §<br>ERICA WILLIS INDIVIDUALLY AND §<br>AS NEXT FRIEND OF MINOR CHILD, §<br>J.J., JA'BAURI JONES §<br>INDIVIDUALLY AND AS NEXT §<br>FRIEND OF., MINOR CHILD, J.J AND §<br>FRED LOYA INSURANCE AGENCY, §<br>INC., §<br>    *Defendants.* § | Civil Action No. 3:18-CV-03297-X |

## **MEMORANDUM OPINION AND ORDER**

Third time is a charm. Falcon Insurance Company's ("Falcon") moved for default against absent parties when one party was still litigating and when minors were in the suit. When the Court pointed out these defects, Falcon dropped the litigating party and moved for default judgment against the remaining parties, which still included minors. After the Court again pointed out the issue with minors, Falcon dropped the party who was next friend of her minor children and now seeks a default judgment against the remaining defendants. [Doc. No. 39]. That motion is proper, and the Court **GRANTS** it.

## I. Background

This case stems from a 2018 automobile accident where Defendant Jose Eduardo Sosa was driving a vehicle that Falcon insured, but the schedule of drivers for the policy did not list Sosa (he is a stepson of the named insured). The accident also involved a vehicle containing Defendants Sonya Anderson, Xylyn Anderson, Myra Jones, and minor children T.A., T.A., and J.J. Those defendants retained counsel and sued, and Falcon filed this suit for a declaration that it owed no duty to defend or indemnify against the claims.

Fred Loya Insurance Agency, Inc. ("Fred Loya Insurance"), Ja'Bauri Jones, and Erica Willis answered. The Court granted a motion from Falcon to dismiss Erica Willis, individually and as next friend of minor child J.J., and Ja'Bauri Jones, individually and as next friend of minor child J.J.

Falcon obtained a clerk's default against Molina, Sosa, Myra Jones, Xylyn Anderson, and Sonya Anderson. Falcon then moved for a default judgment against Molina, Sosa, Myra Jones, Xylyn Anderson, and Sonya Anderson individually, and as next friend of minor children T.A. (male) and T.A. (female). The Court denied that motion because (1) the ruling would prejudice the parties still litigating Falcon's duty to defend, and (2) minors can only have a default against them if they are represented by a fiduciary. Afterward, Falcon moved to dismiss Fred Loya Insurance. Same song, second verse.

Again, Falcon moved for default judgment as to Molina, Sosa, Myra Jones, Xylyn Anderson, and Sonya Anderson individually, and as next friend of minor

children T.A. (male) and T.A. (female).  Again, the Court denied the motion, noting that because Sonya Anderson failed to appear on behalf of minor children T.A. (male) and T.A. (female), those minors were not represented and dismissing them would have been improper.  Falcon moved to dismiss Sonya Anderson and the minors and the Court granted that motion.

Falcon now moves for default judgment as to Molina, Sosa, Myra Jones, and Xylyn Anderson.

## II. Legal Standards

Federal Rule of Civil Procedure 55(b)(2) provides that, in proceedings not involving a certain sum:

> the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

A default requires a court to accept as true a plaintiff's well pled allegations in a complaint.[1]

---

[1] *See, e.g.*, *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 499 (5th Cir. 2015) (holding that a complaint is well pled when "all elements of [a] cause of action are present by implication"); *In re Dierschke*, 975 F.2d 181, 185 (5th Cir. 1992) ("It is universally understood that a default operates as a deemed admission of liability.").

In determining whether to enter a default judgment, courts conduct a two-part analysis. First, courts examine whether a default judgment is appropriate under the circumstances.[2] Relevant factors (called the *Lindsey* factors) include: (1) whether disputes of material fact exist; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would be obliged to grant a motion from the defendant to set the default judgment aside.[3] Second, the Court assesses the merits of the plaintiff's claims and whether there is a sufficient basis in the pleadings.[4]

### III. Application

The Court deems the facts on liability to be admitted. Here, Falcon served Defendants Jose Eduardo Sosa, Juan Gerardo Molina, and Xylyn Anderson with the complaint, and they have yet to respond. And Defendant Myra Jones waived service. The Court will subsequently refer to these four as the "Defaulting Defendants." Falcon supported its motion for default judgment with affidavits regarding Jones's waiver and service of process.[5] While Rule 55 allows for hearings when a party has not appeared, it does not command them. The Court will proceed without a hearing.

---

[2] *See U.S. for Use of M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages.").

[3] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

[4] *Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

[5] Doc. Nos. 39-1, 39-2, 39-3, 39-5.

### A. Procedural Appropriateness of Default Judgment

The Court now turns to the six *Lindsey* factors.  First, there are no material facts in dispute because the Defaulting Defendants have not filed any responsive pleadings.  Second, regarding substantial prejudice, the Defaulting Defendants' failure to respond could bring adversarial proceedings to a halt and substantially prejudice Falcon but not themselves.  Third, the Defaulting Defendants' continual failure to respond or participate in this litigation clearly establishes grounds for the default.  Fourth, regarding mistake or neglect, the Court has no reason to believe the Defaulting Defendants are acting under a good faith mistake or excusable neglect.  Fifth, regarding the harshness of a default judgment, the judgment would grant a remedy prescribed by the Declaratory Judgment Act.  The sixth issue is regarding whether the Court would grant a motion to set aside the default, and the Court is unaware of any basis to do so.

### B. Sufficiency of Falcon's Complaint

Next, the Court must assess the merits of Falcon's claims.  Although the Defaulting Defendants, by virtue of their default, are deemed to have admitted Falcon's well-pled allegations, the Court must nonetheless review the complaint to determine whether it established a viable claim for relief.[6]

Falcon's sole claim against the Defaulting Defendants is for a declaratory judgment that:

(1) Defendant Jose Eduardo Sosa is not a covered person as defined by

---

[6] *Nishimatsu*, 515 F.2d at 1206.

Endorsement FALC.CP.13c contained within the Falcon Policy;

(2) for this reason, Falcon has no duty to defend and no duty to indemnify Defendant Jose Eduardo Sosa in regard to any claims asserted by Defendants Xylyn Anderson [and] Myra Jones . . .; and

(3) Defendants Xylyn Anderson [and] Myra Jones . . . have no right to payment under the Falcon Policy.[7]

Falcon alleges that (1) only Juan Gerardo Molina and his wife, Maira Isabel Sosa-Jaimes, were covered drivers, (2) Sosa-Jaimes requested a quote for adding Jose Eduardo Sosa; and (3) Sosa was never added to the policy. Falcon also alleges that Sosa was in a car accident with Anderson and Jones on May 12, 2018. Accordingly, Falcon has stated a valid claim for declaratory relief that Sosa was not covered, Falcon has no duty to defend or indemnify Sosa for the claims from Anderson and Jones, and Anderson and Jones have no right to payment under the policy.

### IV. Remedy

Falcon seeks a declaratory judgment. The federal Declaratory Judgment Act provides that a court,

> upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.[8]

Thus, Falcon seeks a permissible remedy, given its status as an insurer.

---

[7] Doc. 1 at 9–10. In its live motion for default judgment, Falcon also asked for declaratory relief against Juan Gerardo Molina. Doc. 39 at 5 (requesting default judgment that declaring that Defendants Juan Gerardo Molina, Xylyn Anderson, and Myra Jones "do not have any right to payment under the Policy for any claims for alleged bodily injuries and/or property damage arising out of, related to, and/or incurred by Defendants Juan Gerardo Molina, Xylyn Anderson, and Myra Jones as a result of the automobile accident occurring on May 12, 2018"). The Court will not broaden a complaint in motions for default judgment.

[8] 28 U.S.C. § 2201(a).

The remaining issue is the scope of the declaration. Falcon requested a declaration that (1) Sosa was not covered, (2) Falcon has no duty to defend or indemnify Sosa for the claims from Anderson and Jones, (3) Anderson and Jones have no right to payment under the policy, and (4) Molina has no right to payment under the policy. The Court has reviewed the proposed declaration and finds requests 1–3 appropriate but request 4 inappropriate. As explained in note 6 above, the Court cannot grant relief requested for the first time in a motion for default judgment that was not requested in the live complaint. Accordingly, the Court will grant Falcon the declarations it is entitled to in a separate final judgment.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Falcon's motion for default judgment. A separate final judgment will follow.

**IT IS SO ORDERED** this 30th day of March 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE